UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DEXTER DEANGELO HOLDER** | : | **DOCKET NO. 23-cv-00334** |
| **D.O.C. # 452102** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **KEITH COOLEY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Presently pending before this Court are the following motions, addressed herein: (1) Motion to Appoint Counsel (doc. 7), Motion for Writ of Mandamus (doc. 8), Motion to Stay (doc. 9) and Motion for Writ of Habeas Corpus ad testificandum (doc. 10), filed by plaintiff, Dexter Deangelo Holder ("Holder").

**I.**
**MOTION TO APPOINT COUNSEL**

Plaintiff has requested that this Court appoint counsel in this civil rights matter.  Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983.  "Generally, no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985).  Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff.  In the case of *Mallard v. United States District Court for the Southern District*, 109 S. Ct. 1814, 1818 (1989), the United States Supreme Court held that federal courts can only request that an attorney represent

a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." See *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Fifth Circuit Court of Appeal has provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." See *Parker v. Carpenter*, 978 F.2d 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242.

Plaintiff's claims are not atypical of those often asserted in civil rights litigation and are not complex. Of course, should the court ultimately determine that either formal discovery or an evidentiary hearing is necessary, the court must appoint counsel; but until such time, the decision on whether or not to appoint counsel rests in the sound discretion of the trial court. *United States v. Vasquez*, 7 F.3d 81, 84 (5th Cir.1993). Accordingly, plaintiff's request for appointment of counsel is DENIED, as the circumstances presented herein are not "exceptional" so as to warrant the appointment of counsel. *Id*. at p.3.

## II.
### MOTION FOR WRIT OF MANDAMUS

Next plaintiff seeks a writ of mandamus, ordering the state courts to send his criminal files to this Court.  This motion should be DENIED, as plaintiff's criminal files are irrelevant to any claims that plaintiff's civil rights have been violated while incarcerated at ACC.

Moreover, the federal mandamus statute, 28 U.S.C. § 1361, applies only to officers, employees, and agencies of the federal government. The statute, therefore, clearly does not allow a federal court to grant a writ of mandamus directed to state or parish officials. *See, e.g., Sockey v. Gray,* 159 F. App'x 821, 822 (10th Cir. 2005) ("Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials."); *Shirley v. Starkey,* Civ. Action No. 6:10cv364, 2010 U.S. Dist. LEXIS 99310, 2010 WL 3781806, at *1 (E.D. Tex. Aug. 25, 2010) ("The federal district courts do not have jurisdiction to issue the writ against a state or county actor or agency."), adopted, 2010 U.S. Dist. LEXIS 99300, 2010 WL 3781799 (E.D. Tex. Sept. 20, 2010), aff'd, 427 F. App'x 305 (5th Cir. 2011).

## III.
### MOTION TO STAY

Plaintiff also filed a "Motion to Stay and Hold in Abeyance," pursuant to which he asks this Court to stay this case so that he can obtain certain documents related to his state court conviction.  Doc. 9.  This request is irrelevant to the civil rights violations alleged in this case and, accordingly, this request is DENIED.

## IV.
### MOTION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM

Finally, plaintiff filed a Motion for Writ of Habeas Corpus ad testificandum, asking that the Court order that his "body, if need be, be transported…to the U.S.D.C. Western District Division of Lake Charles if ordered by the Courts."   Doc. 10.  This motion is DENIED, as this civil action remains on initial review pursuant to 28 U.S.C. §§1915 and 1915A.  At this stage in the proceedings, plaintiff's appearance is not necessary to proceed.

## V.
### CONCLUSION

Accordingly,

**IT IS ORDERED** that plaintiff's Motion to Appoint Counsel (doc. 7), Motion for Writ of Mandamus (doc. 8), Motion to Stay (doc. 9), and Motion for Writ of Habeas Corpus ad testificandum (doc. 10) are **DENIED**.

THUS DONE AND SIGNED in Chambers this 1st day of May, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE