UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DEXTER DEANGELO HOLDER**<br>    **D.O.C. # 452102** | **:** | **DOCKET NO. 2:23-cv-0334**<br>**SECTION P** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **KEITH COOLEY, ET AL** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Pro se plaintiff, Dexter Deangelo Holder ("Holder"), filed a civil rights complaint pursuant to 42 U.S.C. §1983. Holder, an inmate in the custody of the Louisiana Department of Corrections, is currently incarcerated at Allen Correction Center in Kinder, Louisiana. On March 13, 2023, he filed his original (deficient for form) complaint, which included a Motion for Temporary Restraining Order, presently before this Court. Doc. 1.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED** that the Motion for Temporary Restraining Order be **DENIED**.

**I.**
**BACKGROUND**

Plaintiff complains that "each defendant" at the ACC is retaliating against him for filing grievances by depriving him of "adequate access to law library and access to courts and a contenuous [sic] limitation on access to legal materials," specifically, a typewriter. Doc. 1. Therefore, he asks to be transferred to the Elayn Hunt Correctional Center.

## II.
### LAW AND ANALYSIS

**A. TRO**

A preliminary injunction can be issued only after notice to the adverse party. See Fed. R. Civ. P. 65(a)(1). Although a court may issue a TRO without notice to the adverse party, it may only do so if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). The party seeking a TRO or preliminary injunction has the burden to show that he or she is entitled to it. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Plaintiff must satisfy the substantive requirements for a preliminary injunction to obtain a TRO. Issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). A preliminary injunction is the exception, not the rule. *Miss. Power & Light Co. v. United Gas Pipe Line Co.,* 760 F.2d 618, 621 (5th Cir. 1985). To obtain a preliminary injunction, the movant must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury outweighs any damage the order might cause to the respondent; and (4) that the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.,* 210 F.3d 439, 442 (5th Cir. 2000). If the movant fails to carry the "heavy burden" to show each of these prerequisites, a preliminary injunction is not warranted. *See Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana,* 762 F.2d 464, 472 (5th Cir. 1985). Furthermore, in the prison setting, requests for a preliminary injunction are "viewed with great caution because 'judicial

restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). "Except in extreme circumstances", the "federal courts are reluctant to interfere" with matters of prison administration and management, such as prison discipline and classification of inmates. *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunction to obtain release from administrative segregation).

    **B. Application**

    Holder has not shown a substantial likelihood that he will prevail on the merits of his complaint, a request for a transfer due to his limited access to a law library. At the outset, he does not have a protected liberty interest in where he is placed, see *Meachum v. Fano*, 96 S. Ct. 2532, 2538 (1976), or a constitutional right to be incarcerated in a certain facility or unit, *see Olim v. Wakinekona*, 103 S. Ct. 1741, 1744 (1983). *Cf. Ready v. Fleming,* 2002 U.S. Dist. LEXIS 10997, 2002 WL 1610584 (N.D. Tex. July 19, 2002). Moreover, he has no constitutional right to a typewriter. *Duenes v. Wainwright*, No. A-17-CV-0726 -LY, 2017 U.S. Dist. LEXIS 202093 (W.D. Tex. Dec. 7, 2017), citing *Taylor v. Coughlin*, 29 F.3d 39, 40 (2d Cir. 1994); *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989); American Inmate Paralegal Assoc. v. Cline, 859 F.2d 59, 61 (8th Cir. 1988) ("Prison inmates have no constitutional right of access to a typewriter.").

    Furthermore, plaintiff has not shown that there is a substantial threat of irreparable injury if an injunctive relief is not granted. The basis for Holder's request is that he is being denied access to a legal materials, specifically a typewriter, due to retaliation by the staff at ACC. He has not alleged or shown that an injunction is necessary to protect his interests in this case. See *Basey v. Mooneyham,* 172 Fed. App'x 582, 584 (5th Cir. Mar. 27, 2006) (denying request for injunction and

prison unit transfer where no evidence in record to support plaintiff's allegation of being in "imminent danger").

Holder has not made the necessary showing for entitlement to injunctive relief in this case. His claims can be addressed in due course on the merits by motion and/or trial.

### III.
#### CONCLUSION

For reasons stated above,

**IT IS RECOMMENDED** that Holder's Motion for Temporary Restraining Order (doc. 1) be **DENIED.**

**IT IS FURTHER RECOMMENDED** that to the extent plaintiff requests a transfer from ACC, that request be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 1st day of May, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE