UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DEXTER DEANGELO HOLDER** : **DOCKET NO. 2:23-cv-0334**
   **D.O.C. # 452102**    **SECTION P**

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**KEITH COOLEY, ET AL** : **MAGISTRATE JUDGE KAY**

**MEMORANDUM ORDER**

Pro se plaintiff, Dexter Deangelo Holder ("Holder"), filed a civil rights complaint pursuant to 42 U.S.C. §1983. Holder, an inmate in the custody of the Louisiana Department of Corrections, is currently incarcerated at Allen Correctional Center in Kinder, Louisiana. On March 13, 2023, he filed his original (deficient for form) complaint (doc. 1), which included a Motion for Temporary Restraining Order, denied by this Court on July 12, 2023 (doc. 21). On April 17, 2023, he filed a complaint on proper forms (Doc. 5).

**I.**
**BACKGROUND**

Plaintiff complains that the named prison officials have "become very repetitive upon harassing the plaintiff and engaging in a conspiracy to deny him to have access to an adequate law library and its materials and typewriter while also denieing (sic) him of access to courts in retaliation for his multiple filings of complaints and grievances..." Doc. 5, p. 3.

Holder names the following as defendants: (1) Keith Cooley, (2) Col. Holden, (3) Col. Tillery, (4) Mental Health Doctor, (5) Jeff Landry, (6) Warden Thomas, (7) Capt Jackson, (8) Dr.

Anderson, (9) Lori Landry, (10) Phillip Haney, (11) Angela Odinet, (12) Bofil Duhe, (13) Nancy Dunning, (14) Edward K. Bauman, and (15) Sid Hebert.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Holder has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in a constitutional violation or whose acts were causally connected to the constitutional violation alleged. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Personal involvement is an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F. 2d 381, 382 (5th Cir. 1983). Prison officials "cannot be automatically held liable for the errors of their subordinates." *Adames v. Perez*, 331 F.3d 508, 513 (5th Cir. 2003). Supervisory officials may be held liable only if: "(i) they affirmatively participate in the acts that cause constitutional deprivations; or (ii) [they] implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Tex.*, 977 F. 2d 924, 929 (5th Cir. 1992). Vicarious liability does not apply to § 1983 claims. *Pierce v. Tex. Dep't of Crim. Justice, Institutional Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994).

### C. Rule 8 Considerations

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant. This conclusion must be supported by specific factual allegations stating the following:

> (1) the name(s) of each person who allegedly violated plaintiff's constitutional rights;

  (2) a description of what actually occurred or what each defendant did to violate plaintiff's rights;

  (3) the place and date(s) that each event occurred; and

  (4) a description of the alleged injury sustained as a result of the alleged violation.

**<u>Plaintiff should amend to comply with Rule 8 with respect to each named defendant</u>**.

 *D. Parties*

  *a. Supervisory Officials*

  Plaintiff names Warden Keith Cooley, Col. Holden, Col. Tillery, Warden Thomas, and Cpt. Jackson as defendants. Plaintiff should note that [s]upervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), cert. denied, 508 U.S. 951 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), cert. denied, 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897 (1983).

  Plaintiff should amend to allege sufficient facts to demonstrate the personal involvement or implementation of unconstitutional polices by each of the supervisory officials or dismiss them from this suit.

  *b. District Attorney*

  Holder names as defendants Bofil Duhe, Phillip Haney, and Angela Odinet, presumably in their roles as District Attorney and Assistant District Attorneys, respectively. A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his or her role as

prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case. *Kalina v. Fletcher*, 118 S. Ct. 502, 509 (1997); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997). Therefore, to the extent the claims against them are related to any action taken pursuant to their roles as a prosecutor, claims against District Attorney and Assistant District Attorneys should be dismissed.

### c. Judge

With respect to Judge Lori Landry, it is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. *Pierson v. Ray*, 386 U.S. 547 (1967); *Stump v. Sparkman*, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. *Brewer v. Blackwell,* 692 F.2d 387, 396-97 (5th Cir. 1982). To the extent that Judge Lori Landry's conduct challenged by plaintiff falls within the judge's authority as a judicial officer of the court and in the ordinary exercise of judicial duties, all claims against her should be dismissed with prejudice as frivolous.

### d. Private Actors

To the extent that Holder's § 1983 claims are named defendants Nancy Dunning and Edward K. Bauman, and any others, are related to their roles as former appointed defense counsel, these claims fail because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson,* 102 S. Ct. 445, 453 (1981). This is because even though they were appointed, any former counsel owed their duty to their client, not the State. *Id*. at 450. Any § 1983 claims against former defense counsel, not acting as a state actor in with respect to representation of Holder, should be dismissed with prejudice as frivolous. *Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995).

### E. Theories of the Complaint

#### a. Retaliation

Prison officials may not retaliate against a prisoner for exercising his First Amendment right of access to the courts or to complain through proper channels about alleged misconduct by prison officials. *Walker v. Savers*, 658 Fed. Appx. 720, 2016 WL 4151212, at *5 (5th Cir. 2016) (citing *Morris v. Powell,* 449 F.3d 682, 684 (5th Cir. 2006)); *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). However, the law in the Fifth Circuit concerning prisoner retaliation claims has undergone substantial evolution in recent years. It is based on the following general principles:

> The elements of a retaliation claim are the invocation of a specific constitutional right, the defendants' intent to retaliate against the plaintiff for his or her exercise of that right, a retaliatory adverse act, and causation, i.e., but for the retaliatory motive the complained of incident . . . would not have occurred. With respect to the last element, we [have] emphasized that an action motivated by retaliation for the exercise of a constitutionally protected right is actionable even if the act, when taken for a different reason, may have been legitimate.

*Clarke v. Stalder*, 121 F.3d 222, 231 (5th Cir. 1997), vacated in part & reinstated in relevant part, 154 F.3d 186 (5th Cir. 1998) (citing *Bounds v. Smith*, 97 S. Ct. 1491 (1977); *Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir. 1997); *Woods*, 60 F.3d at 1164-66) (quotations and additional citations omitted); accord *Walker*, 658 Fed. Appx. 720, 2016 WL 4151212, at *5; *Hanna v. Maxwell*, 415 F. App'x 533, 535 (5th Cir. 2011).

In Woods, *supra*, the Fifth Circuit, applying the general First Amendment principles addressed above, affirmed the district court's denial of defendants' motion for summary judgment. Defendants had sought dismissal of a prisoner's claim based on allegedly false disciplinary charges by defendants in alleged retaliation for plaintiff's letters of complaint to a federal judge and the prison warden. The Fifth Circuit agreed with the district court that the inmate's retaliation claim

should be permitted to proceed, but in doing so it expressed the following caution: "The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." *Woods*, 60 F.3d at 1166 (citation and quotation omitted). The Fifth Circuit warned that "trial courts must carefully scrutinize these claims." *Id*. The Fifth Circuit stated:

> To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred. This places a significant burden on the inmate . . . . The inmate must produce direct evidence of motivation or, the more probable scenario, "allege a chronology of events from which retaliation may plausibly be inferred."

*Id*. (citations omitted) (emphasis added); *accord Walker*, 658 Fed. Appx. 720, 2016 WL 4151212, at *5.

A year after *Woods* was decided, the Supreme Court reexamined the scope of prisoners' First Amendment right of access to the courts in *Lewis v. Casey*, 116 S. Ct. 2174 (1996). Significantly, to state a claim that his constitutional right of access to the courts was violated, a prisoner must demonstrate that his position as a litigant was actually prejudiced. *Id*. at 2182; *Every v. Jindal*, 413 F. App'x 725, 727 (5th Cir. 2011) (citing *Lewis*, 116 S.Ct. at 2179; *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999)); *Cochran v. Baldwin*, 196 F. App'x 256, 257-58 (5th Cir. 2006) (citing *Lewis*, 116 S.Ct. at 2179-80); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996). In *Lewis*, the Supreme Court made clear that an inmate must establish actual injury to state a claim for denial of his right of access to the courts. *Id*. at 2179.

A few years ago in *Morris*, the Fifth Circuit addressed "[w]hether an allegation of de minimis retaliatory acts can support a retaliation claim" under the First Amendment. *Morris*, 449 F.3d at 684. The court stated that:

> [t]he question, however, is not whether the violation of [plaintiff's] constitutional rights was de minimis, but whether any violation occurred at all. To establish a constitutional violation, an inmate must show that he suffered a qualifying adverse retaliatory act. If the retaliation alleged by [plaintiff] does not pass this bar, he has suffered no constitutional injury.

*Id*. The Fifth Circuit held that:

> [t]he purpose of allowing inmate retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising constitutional rights. Some acts, though maybe motivated by retaliatory intent, are so de minimis that they would not deter the ordinary person from further exercise of his rights. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim.
>
> . . . . Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights. . . .
>
> With this standard in mind, we turn to the specific retaliation alleged by [plaintiff] to determine whether the actions of the [prison] officials would have deterred a person of ordinary firmness from exercising his First Amendment right to file grievances against prison officials.

*Id*. at 686 (citing *Crawford-El v. Britton*, 118 S. Ct. 1584, (1998)).

The Fifth Circuit's reasoning and rulings in *Morris* accord with the Supreme Court's holding in *Lewis* that a prisoner who brings a retaliation claim under the First Amendment must allege actual injury in order to assert a claim. *Davis v. LeBlanc*, 2017 U.S. Dist. LEXIS 36185, *39 (E.D. La., Jan. 23, 2017). Furthermore, the alleged retaliatory acts must be more than de minimis, which means they must be capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Id*.

Thus, the law in the Fifth Circuit is well established that "prison officials may not retaliate against an inmate who exercises his right of access to court. Officials likewise may not retaliate against an inmate for using the grievance system. A plaintiff must allege facts showing that the defendant possessed a retaliatory motive. The inmate must show more than his personal belief that

he was the victim of retaliation. Mere conclusory allegations of retaliation are not enough." *Decker v. McDonald*, No. 5:09cv27, 2010 U.S. Dist. LEXIS 34400, 2010 WL 1424322, at *15 (E.D. Tex. Jan. 11, 2010), report & recommendation adopted, 2010 U.S. Dist. LEXIS 34859, 2010 WL 1424292 (E.D. Tex. Apr. 7, 2010) (citing *Morris*, 449 F.3d at 687; *Jones v. Greninger,* 188 F.3d 322, 324-25 (5th Cir. 1999); *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997); *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988); *Whittington v. Lynaugh*, 842 F.2d 818, 820 (5th Cir. 1988)) (additional citations omitted) (emphasis added); *accord Walker*, 2010 U.S. Dist. LEXIS 34859, 2016 WL 4151212, at *5.

Plaintiff must amend to allege facts that suggest that a violation of his First Amendment constitutional right of access to the courts as a result of any allegedly retaliatory acts, the existence of retaliatory or discriminatory motive, causation or actual prejudice. He must also allege actual injury.

### b. *Access to Courts/Law Library*

Plaintiff alleged that he was denied his First Amendment right of access to the courts because of an inadequate law library. Prisoners have a First Amendment right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. *Bounds v. Smith*, 97 S. Ct. 1491, 1499 (1977); *Dickinson v. TX, Fort Bend County*, 325 F. App'x 389, 390 (5th Cir. 2009); *Sandoval v. Johns*, 264 F.3d 1142 [published in full-text format at 2001 U.S. App. LEXIS 30327] 2001 WL 822779, at *1 (5th Cir. 2001); *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998); *Degrate v. Godwin,* 84 F.3d 768, 768-69 (5th Cir. 1996).

However, a prison need not provide its inmates with a library that results in the best possible access to the courts but must provide a library or other assistance that meets minimum constitutional standards of providing access to the courts. *Phillips v. Hust*, 588 F.3d 652, 656 (9th

Cir. 2009) (citing *Bounds*, 97 S. Ct. at 1499; *Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 856 (9th Cir. 1985)); *Petrick v. Maynard,* 11 F.3d 991, 994 (10th Cir. 1993); *Brooks v. Soto*, No. CV05-1618-DDP, 2009 U.S. Dist. LEXIS 58128, 2009 WL 2025325, at *9 (C.D. Cal. July 7, 2009) (citing *Bounds*, 97 S. Ct. at 1499; *Lindquist*, 776 F.2d at 856); *Goodvine v. Gorske*, No. 06-C-0862, 2007 U.S. Dist. LEXIS 55121, 2007 WL 2207910, at *4 (E.D. Wis. July 30, 2007) (citing *Campbell v. Miller*, 787 F.2d 217, 229 (7th Cir. 1986)); *Hargrove v. Henderson*, No. 95-1601-CIV-T-17A, 1996 U.S. Dist. LEXIS 12101, 1996 WL 467516, at *10 (M.D. Fla. Aug. 13, 1996), aff'd, 124 F.3d 221 (11th Cir. 1997). A prisoner's law library right is not without limitations. "While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Vaccaro v. United States*, 125 F.3d 852 [published in full-text format at 1997 U.S. App. LEXIS 42321], 1997 WL 574977, at *1 (5th Cir. 1997) (quotation omitted) (emphasis added); *accord Manning v. Sumlin*, 540 F. App'x 462, 463 (5th Cir. 2013) (citing *Lewis v. Casey*, 116 S. Ct. 2174, 2182 (1996); *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

     As discussed above, the Supreme Court has held that a prisoner must demonstrate that his position as a litigant was actually prejudiced to state a claim that alleged law library inadequacies violated his First Amendment right of access to the courts.  Plaintiff should amend his complaint to allege facts to suggest he has been prejudiced by the manner or extent with which he has been provided with legal materials at Allen Correctional Center.

## III.
### CONCLUSION

Accordingly,

**IT IS ORDERED** that plaintiff amend his complaint within forty (40) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those defendants and claims plaintiff is unable to cure through amendment.

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3.**

THUS DONE AND SIGNED in Chambers this 27th day of July, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE