UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DEXTER DEANGELO HOLDER** <br> D.O.C. # 452102 | : | **DOCKET NO. 2:23-cv-0334** <br> **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **KEITH COOLEY, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Pro se plaintiff, Dexter Deangelo Holder ("Holder"), filed a civil rights complaint pursuant to 42 U.S.C. §1983. Holder, an inmate in the custody of the Louisiana Department of Corrections, is currently incarcerated at Allen Correctional Center in Kinder, Louisiana. On March 13, 2023, he filed his original (deficient for form) complaint (doc. 1), which included a Motion for Temporary Restraining Order, denied by this Court on July 12, 2023 (doc. 21). On April 17, 2023, he filed a complaint on proper forms (Doc. 5).

On July 27, 2023, plaintiff was ordered to amend his complaint. Doc. 22. He has failed to do so.

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious

disposition of cases." *Link*, 370 U.S. at 630-31.  Holder has failed to comply with an Order directing him to amend his complaint.  This failure on his part warrants dismissal.

### III.
#### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Holder's complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 28th day of December, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE